IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2019 JAN 15 P 3: 17

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| DEBRA L. WARREN, | * | **JURY TRIAL DEMANDED** |
| PLAINTIFF, | * | |
| v. | * | CASE NO. 2:19-cv-49-ECM-SRW |
| WALMART INC. | * | |
| DEFENDANTS. | * | |

## COMPLAINT

COMES NOW the Plaintiff, by and through undersigned counsel, and hereby files this Complaint and allege the following:

### PARTIES

1. Plaintiff Debra L. Warren, ("Plaintiff"), is an individual above the age of nineteen (19) and is a resident citizen of Elmore County, Alabama.

2. Defendant Walmart Inc. (hereinafter may be referred to as either "Walmart Inc." or Defendants, collectively), is a foreign corporation with its principal place of business located in Bentonville, Arkansas. This Defendant is authorized to do business within the State of Alabama and does conduct said business within Elmore County, Alabama.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this cause under 28 U.S.C. §1332 and §1367.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is not a citizen of the same state as the Defendant.

1

5. Venue is proper in the Middle District of Alabama according to 28 U.S.C. §1391. The incident made basis of this lawsuit occurred in Elmore County, Alabama, which lies within the Middle District of Alabama, Northern Division, and Plaintiff resides in Elmore County, Alabama.

## STATEMENT OF FACTS

6. On or about July 21, 2017, the Plaintiff was a business invitee of Defendant at the Walmart Supercenter #1101 located in Wetumpka, Alabama and was on the premises for the purpose of purchasing various items in which said entity is engaged in the business of selling to the public, namely grocery and/or retail items.

7. While on said premises as a business invitee, and while exercising reasonable care for her safety, Plaintiff sustained substantial injuries when the shopping cart she was using suddenly and without warning collapsed, causing her to abruptly fall to the ground. The Plaintiff acquired said shopping cart in the parking lot near the main entrance to Defendant's facility. The shopping cart was owned and maintained by Defendant.

8. The shopping cart had a broken structural weld. As Plaintiff pushed the cart across the zebra-striped cross-walk in front of the front entrance of the Wetumpka Walmart, she encountered vehicular traffic which required her to hasten her pace to avoid a moving vehicle. When she did so, pushing the cart and putting her weight on the handle of said cart, the broken weld gave way causing the shopping cart to collapse. The collapse of the shopping cart caused Plaintiff to fall, resulting in injuries to the Plaintiff.

9. As a proximate result of the Defendant's acts/omissions, Plaintiff was caused to suffer damages: caused to be bruised, contused; suffered injuries which required her to seek medical treatment; required to undergo surgical discectomy and fusion of two disks in her neck

and may be required to undergo further surgeries; incurred medical expenses as a result of her injuries; has experienced pain and suffering, physical and emotional distress; is continuing to suffer from these injuries; will be required to seek further medical treatment and suffers permanent injuries. Plaintiff was further caused to suffer loss of wages and ability to provide income.

## COUNT I
## NEGLIGENT AND/OR RECKLESS MAINTENANCE/INSPECTION

10. The Plaintiffs re-allege all prior paragraphs as if fully set out herein.

11. The Defendant, as the owner of the shopping cart, had a duty to ensure that the shopping cart that injured the Plaintiff received proper maintenance and was properly inspected/maintained and safe to operate by customers. Defendants knew or should have known that the operation of said shopping cart without proper maintenance and/or inspections would pose a severe and imminent risk to the Plaintiff and others and could lead to serious bodily injuries such as those sustained by the Plaintiff.

12. Defendant breached its duty to ensure proper maintenance and/or inspections of said shopping cart by failing to have necessary repairs, maintenance and/or inspections performed, and negligently and/or recklessly chose to allow customers, namely the Plaintiff, to utilize said shopping cart on the date of incident, putting the Plaintiff and others at substantial risk of injury.

13. As a proximate consequence of the Defendant's failure to perform proper maintenance and/or inspections on said shopping cart, the Plaintiff was caused to fall to the ground.

14. As a result of falling to the ground, the Plaintiff has suffered injuries and damages including, but not limited to, severe physical ailments; physical pain and suffering; physical

3

injury; mental anguish; medical expenses; loss of activity; loss of income; rehabilitative expenses; and/or internally or permanently injured/scarred.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendants in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest and all costs of this proceeding

## COUNT II
## WANTONNESS

15. The Plaintiff re-alleges all prior paragraphs as if fully set out herein.

16. At all times pertinent hereto, Defendants recklessly caused, permitted, and/or allowed the use of the aforementioned shopping cart with knowledge of its defective and/or unsafe condition. Defendant knew, or should have known, that allowing customers to use the shopping cart in its defective and/or unsafe condition could lead to serious bodily injuries such as those sustained by the Plaintiff.

17. Defendants exhibited a reckless disregard for the safety of the Plaintiff and others when they knowingly allowed the use of the defective and/or unsafe shopping cart by Plaintiff and others.

18. As a proximate consequence of Defendant's reckless and wanton actions/inactions, the Plaintiff has suffered injuries and damages including, but not limited to, severe physical ailments; physical pain and suffering; physical injury; mental anguish; medical expenses; loss of activity; loss of income; property damage; rehabilitative expenses; and/or internally or permanently injured/scarred.

19. The Plaintiff claims damages, both compensatory and punitive, against the Defendants due to the reckless and wanton actions and/or inactions of the Defendants.

4

**WHEREFORE THE ABOVE PREMISES CONSIDERED,** the Plaintiff demands judgment against the Defendant, separately and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest and all costs of this proceeding.

## COUNT III
### *RESPONDEAT SUPERIOR*

20. The Plaintiff re-alleges all prior paragraphs as if fully set out herein.

21. Upon information and belief, the above-described actions/inactions were committed by employees of Defendant while acting in the capacity as agent, servant, and/or employee of Defendant, and were committed within the scope of their agency and while furthering the business interests of Defendant.

22. Defendant is responsible for all acts/omissions committed by its employees within the line and scope of their employment and/or of their agency. Therefore, all acts of Negligent Maintenance/Inspection, Wantonness, and any/all additional causes not stated herein, but which may be later added by amendment are imputed to Defendant because such acts of Defendant's employees occurred within the line and scope of their employment with Defendant.

23. Defendant is responsible for all acts/omissions committed by its employees within the line and scope of their employment and/or of their agency in this case in that said acts/omissions caused the Plaintiff's injuries and damages including, but not limited to, severe physical ailments; physical pain and suffering; physical injury; mental anguish; medical expenses; loss of activity; loss of income; property damage; rehabilitative expenses; and/or internally or permanently injured/scarred.

**WHEREFORE THE ABOVE PREMISES CONSIDERED,** the Plaintiff demands judgment against the Defendants, separately and severally, in an amount that exceeds the

jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest and all costs of this proceeding.

RESPECTFULLY submitted this the 15th day of January, 2019.

/s/ Raymond J. Hawthorne, Jr.
RAYMOND J. HAWTHORNE, JR.
ASB-D64H-1630
Attorney for Plaintiff

/s/ *Wallace D. Mills*
WALLACE D. MILLS
ASB-8747-I72W
Attorneys for Plaintiff

OF COUNSEL:
THE CLEVELAND FIRM, LLC
Of Counsel to ALEXANDER SHUNNARAH
504 South Perry Street
Montgomery, Alabama 36104
(334) 676-3313 – Phone
(334) 416-8268 – Facsimile
ray@clevelandgroup.legal

OF COUNSEL:
WALLACE D. MILLS, P.C.
621 South Hull Street
Montgomery, Alabama 36104
Phone: (334) 593-8053
wallace@wallacemills.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

/s/ Raymond J. Hawthorne, Jr.
OF COUNSEL

/s/ *Wallace D. Mills*
OF COUNSEL

**PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL**

Walmart Stores, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104